IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Nickey Gregory Company, LLC, and Poppell's Produce, Inc., | ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 6:07-3605-HMH |
| vs. | ) ) | **OPINION & ORDER** |
| AgriCap, LLC, a/k/a AgriCap Financial Corporation, | ) ) ) ) | |
| Defendant. | ) | |

This matter is before the court on Nickey Gregory Company, LLC's ("Nickey Gregory") petition for attorneys' fees and costs. On July 19, 2006, Nickey Gregory commenced a separate lawsuit styled as <u>Nickey Gregory Company, LLC v. Robison Farms, LLC</u> ("Robison Farms"), C.A. No. 6:06-CV-02070-HMH (consolidated with C.A. No. 6:06-CV-02144) to enforce its Federal Perishable Agricultural Commodities Act, 7 U.S.C. §§ 499a – 499s ("PACA") trust rights against Robison Farms and Cindy Robison for unpaid produce in the principal amount of $75,557.75 (hereinafter "PACA Claims Action"). In addition, Nickey Gregory commenced another lawsuit styled as <u>Nickey Gregory, LLC v. Glenda M. Conwell d/b/a Robinson Farms Retail and Gene L. Conwell d/b/a Robinson Farms Retail</u>, C.A. No. 6:07-2752-HMH, to recover additional PACA trust proceeds. Nickey Gregory received a total disbursement of $9,146.50 from the PACA Claims Action, which when deducted from the principal amount of $75,557.75, left a principal balance due of $66,411.25.

Nickey Gregory filed the instant action along with Poppell's Produce, Inc. ("Poppell's Produce") alleging that they were beneficiaries of the PACA trust held by non-party Robison

1

Farms and that AgriCap, LLC, a/k/a AgriCap Financial Corporation ("AgriCap") had wrongfully retained trust assets. On December 19, 2008, the court found that the financial arrangement between AgriCap and Robison Farms was a loan secured by accounts receivable and the bona fide purchaser defense was unavailable to AgriCap. (December Order, generally.) The court held that AgriCap dissipated the trust assets by $88,690.75. The parties appealed the court's order. On March 4, 2010, the Fourth Circuit vacated the court's "damage award and remand[ed] with instructions that the district court award Nickey Gregory and Poppell's Produce the full amount of their unpaid balance, including Nickey Gregory's reasonable attorneys' fees." Nickey Gregory Co., LLC v. AgriCap, LLC, 597 F.3d 591, 607 (4th Cir. 2010). On April 8, 2010, the court awarded Nickey Gregory $66,411.25, plus reasonable attorneys' fees, and Poppell's Produce $40,284.61. Further, the court ordered Nickey Gregory to file a memorandum in support of attorney's fees within 30 days of the order. Nickey Gregory filed a petition for attorneys' fees and costs on May 11, 2010 seeking attorneys' fees in the amount of $131,901.70 and costs in the amount of $3,677.58. AgriCap filed a memorandum in opposition to the petition on May 25, 2010. Nickey Gregory filed a reply on June 4, 2010. This matter is now ripe for consideration.

## II. Discussion of the Law

### A. Entitlement to Attorneys' Fees

As an initial matter, AgriCap argues that Nickey Gregory is not entitled to attorneys' fees because it (1) "failed to comply with the requirement that it provide Robison Farms with post-default notice" and (2) "Nickey Gregory has no contract with Robison Farms in which Robison Farms" agrees to pay attorneys fees in a dispute or to indemnify Nickey Gregory in the event of

a third party claim such as the instant action. (AgriCap Mem. Opp'n Pet. Att'y Fees, generally.) On appeal the Fourth Circuit remanded this action with instructions that the court award "Nickey Gregory and Poppell's Produce the full amount of their unpaid balance, **including Nickey Gregory's reasonable attorneys' fees.**" Nickey Gregory Co., 597 F.3d at 607 (emphasis added). As the Fourth Circuit noted, "AgriCap d[id] not challenge this holding by the district court." Id. at 597 n.1. Therefore, Nickey Gregory is entitled to attorneys' fees.

Further, as noted in the court's December 2008 order, the case law supports an award of attorneys' fees to PACA trust creditors who have the requisite attorney fee language on their invoices as "sums owing in connection with such transactions." 7 U.S.C § 499e(c)(2). Coosemans Specialties, Inc. v. Gargiulo, 485 F.3d 701, 707 (2d Cir. 2007); Country Best v. Christopher Ranch, LLC, 361 F.3d 629, 632 (11th Cir. 2004); Middle Mountain Land & Produce, Inc. v. Sound Commodities, Inc., 307 F.3d 1220, 1224 (9th Cir. 2002). The language on Nickey Gregory's invoices to Robison Farms provides in pertinent part: "Interest at 1.5% added to unpaid balance. Interest and attorney's fees necessary to collect any balance due hereunder shall be considered sums owing in connection with this transaction under the PACA trust." (Nickey Gregory Mem. Supp. Pet. Att'y Fees 4.) Since Nickey Gregory "has taken legal action to collect past due amounts, its attorneys fees constitute 'sums owing in connection with such transactions' and are payable from the PACA trust amounts." E. Armata, Inc. v. Platinum Funding Corp., 887 F. Supp. 590, 594-95 (S.D.N.Y. 1995). Thus, Nickey Gregory is entitled to reasonable attorneys' fees.

## B. Reasonableness of Attorneys' Fees

Nickey Gregory requests attorneys' fees in the amount of $131,901.70. In determining what is reasonable, the district court generally considers the following factors:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorneys' opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorneys' expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

Brodziak v. Runyon, 145 F.3d 194, 196 (4th Cir. 1998) (internal quotation marks omitted).

### 1. Time and Labor Expended

Nickey Gregory submits evidence documenting the time and labor counsel expended on this action. (Nickey Gregory Mem. Supp. Pet. Att'y Fees Exs. (Affs. of Weyman Carter and Mary Jean Fassett, and Decl. of Jason Read and accompanying documentation).) Taken together, the documentation demonstrates that the Plaintiffs' counsel spent 819.38 hours litigating the three cases, of which 521.86 hours are attributed to Nickey Gregory. The remainder is time billed to Poppell's Produce. Nickey Gregory was attributed 63.69% of the time because "Nickey Gregory's trust claim accounts for 63.69 percent of the total sum of the two trust claims." (Id. 5.) McCarron & Diess attorneys billed 348.50 hours and McNair Law Firm attorneys billed 272.20 hours on this matter. (Id. 6-7.)

The court finds the time and labor Nickey Gregory's counsel devoted to this action is facially unreasonable, particularly in light of the following facts. First, the amount at issue was limited. Nickey Gregory's trust claim was $75,557.75, plus attorneys' fees. After

pro rata distribution of the trust funds recovered in the PACA Claims Action, Nickey Gregory's maximum recovery in the instant action was limited to $66,411.25, plus reasonable attorneys' fees. The issues presented were complex in light of the lack of case law within the Fourth Circuit on this issue. However, this matter did not involve any complex discovery issues and the matter was tried nonjury on stipulated facts. In addition, although there was time involved in litigation of the PACA Claims Action, Nickey Gregory's attorneys specialize in PACA cases and the issues raised in the PACA Claims Action were not novel. Further, as noted by AgriCap, Nickey Gregory's attorneys' time associated with "whether it could jail Cindy Robison, sue Cindy Robison's mother, and other general work involved in Robison Farms' bankruptcy" are collateral matters and attorneys' fees associated with these matters should not be paid out of trust proceeds. (AgriCap Mem. Opp'n Pet. Att'y Fees 4.) In addition, it is unclear whether Nickey Gregory has actually been invoiced for the time or paid any attorneys' fees to date. Based on the foregoing, the court finds that 325 hours is a reasonable number of hours to have expended litigating the three cases.

### 2. The Novelty and Difficulty of the Questions Raised

As noted above, the issues raised in this case had not been addressed by the Fourth Circuit. Further, the parties greatly disputed the application of case law from other circuits to the facts in this case. Therefore, the court finds that the issues raised in the instant action were both novel and difficult. However, the PACA Claims Action was not novel or difficult for Nickey Gregory's counsel, which specializes in PACA.

### 3. The Skill Required to Properly Perform the Legal Services Rendered

PACA trust law is a complex area of law which requires specialized skill. Currently, there are only approximately 15 law firms that specialize in PACA matters. Therefore, specialized skill was required to properly perform the legal services rendered in this case.

### 4. The Attorneys' Opportunity Costs in Pressing the Instant Litigation

The court finds that this factor is not relevant in this action.

### 5. The Customary Fee for Like Work

Nickey Gregory submits evidence of the hourly billing rate for those persons who worked on this case. The hourly rates for the various attorneys that worked on this matter range form $150 to $400 per hour. McCarron & Dies is one of 15 law firms in the United States that specializes in PACA trust law. The court finds that the hourly rates charged by Nickey Gregory's attorneys are not unreasonable. The court considered the attorneys' varied rates and believes that a $300.00 hourly rate takes into account the specialized skill required of attorneys in PACA trust actions.

### 6. The Attorneys' Expectations at the Outset of the Litigation

Nickey Gregory's counsel knew that the most that could be recovered in this action for Nickey Gregory was $66,411.25 plus reasonable attorneys' fees. The court finds that Nickey Gregory's counsel, knowing that the ultimate recovery was limited, should have limited the amount of time expended in this case. As noted by AgriCap, its lead attorneys only expended 255.1 hours in this matter as opposed to McCarron & Diess which has expended 547 hours of which 348.5 have been attributed to Nickey Gregory. (AgriCap Mem. Opp'n Pet. Att'y Fees 14.)

### 7. The Time Limitations Imposed by the Client or Circumstances

This factor is not relevant in this case.

### 8. The Amount in Controversy and the Results Obtained

As noted above, the amount in controversy with respect to Nickey Gregory was limited to $66,411.25 plus reasonable attorneys' fees. In addition, the amount in controversy for Poppell's Produce was $40,284.61. The Plaintiffs' attorneys achieved a successful result. However, the requested attorneys' fees is greatly disproportionate to the amount in controversy.

### 9. The Experience, Reputation and Ability of the Attorney

There is no dispute that Nickey Gregory's attorneys are experienced PACA trust attorneys with an excellent reputation.

### 10. The Undesirability of the Case Within the Legal Community in which the Suit Arose

The court finds that recovery was uncertain in light of the lack of clarity in the Fourth Circuit case law. However, Nickey Gregory has not shown how this case was undesirable in South Carolina where this suit arose except for the lack of attorneys that specialize in PACA trust law in this area.

### 11. The Nature and Length of the Professional Relationship between Attorney and Client

This factor is not relevant in this case.

### 12. Attorneys' Fees Awards in Similar Cases

The fact that the attorneys' fees sought in this case exceed the damages award does not render the size of the fee per se unreasonable. Koam Produce, Inc. v. DiMare Homestead, Inc., 329 F.3d 123, 131 (2d Cir. 2003) (noting that "the damages in PACA actions are often so small that Congress found it necessary to enable successful appellees to recover the fees they incur in

defending decisions of the Secretary on appeal. Absent a provision that shifts all of the reasonable fees incurred by a successful appellee, it would often be too expensive for parties who prevail in PACA actions to defend their victories on appeal"). In Koam, the court found that an award of $73,250.00 was not unreasonable where the PACA reparation award was only $4,800.00. Id. Although the attorneys' fee award is essentially equivalent to the amount in controversy in this case, an attorneys' fee award of $97,500 in this case is not unreasonable in light of the difficult issues raised in the instant action and subsequent appeal, and the specialized skill required to litigate PACA cases.

After considering the factors set forth in Brodziak, the court finds that $97,500.00 is a reasonable award of attorneys' fees based on 325 hours of attorney time at an hourly rate of $300.00.

### C. Reasonableness of Costs

Nickey Gregory seeks to recover costs in the amount of $3,677.58 "incurred in enforcing its trust rights and recovering trust assets in the three lawsuits." (Nickey Gregory Mem. Supp. Pet. Att'y Fees 4-5.) The costs include pro-rata portions of filing fees, PACER research, LEXIS research, overnight delivery charges, telephone charges, photocopying charges, and travel expenses. AgriCap does not raise any objection to the costs requested. However, Nickey Gregory's invoices to Robison Farms did not include the right to recover costs. The invoices provided that "[i]nterest and attorney's fees necessary to collect any balance due hereunder shall be considered sums owing in connection with this transaction under the PACA trust." (Nickey Gregory Mem. Supp. Pet. Att'y Fees 4.) Therefore, because Nickey Gregory's invoices do not provide for the recovery of costs, the court finds that Nickey Gregory is not entitled to recover

8

costs in this action. <u>Felix Produce Corp. v. New Lots Food Corp.</u>, No. 08-CV-5161 (JS) (ARL), 2009 WL 2985444, at *3 (E.D.N.Y. Sept. 14, 2009) (finding that "[a]lthough PACA does not entitle a trust beneficiary to an award of attorneys' fees . . . , courts in this Circuit have awarded attorneys' fees where there is a contractual basis for their recovery" and finding that plaintiff was entitled to award of attorneys' fees and costs because its "invoices provide that it is entitled to such attorneys' fees and costs").

Therefore, it is

**ORDERED** that Nickey Gregory's petition for attorneys' fees, docket number 103, is granted in part. Nickey Gregory is awarded attorneys' fees in the amount of $97,500.00.

**IT IS SO ORDERED**.

                s/Henry M. Herlong, Jr.
                Senior United States District Judge

Greenville, South Carolina
June 8, 2010